IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JUSTIN N. POCRNICH, #S10629, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 22-cv-01146-JPG |
| ) | |
| DEBORAH ROGERS, ) | |
| JEREMY HAYCRAFT, ) | |
| DUSTIN LEVITT, ) | |
| and NEWTON CITY / ) | |
| POLICE DEPARTMENT, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This case was opened when several claims were severed from a *pro se* civil rights action filed pursuant to 42 U.S.C. § 1983 by Plaintiff Justin Pocrnich. *See Pocrnich v. Finn, et al.*, Case No. 21-cv-1356-JPG (S.D. Ill.) ("original action"). In his Complaint, Plaintiff asserted claims against Newton City / Police Department and its officers for his unlawful arrest and detention on August 17, 2020 (Counts 1 through 5) and against Jasper County officials and third-party medical providers for inadequate treatment of his left foot injury at Jasper County Jail from August 17-20, 2020 (Counts 6 and 7). (Doc. 2). The Court severed Counts 1 through 5 into this suit. (Doc. 1).

This matter is now before the Court for preliminary review under 28 U.S.C. § 1915A, which requires it to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any claim that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). The factual allegations of the *pro se* complaint are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

1

## The Complaint

According to the allegations in the Complaint (Doc. 2), Complainant Deborah Rogers contacted the Newton City / Police Department and reported that Plaintiff threatened her with a knife on August 17, 2020.  Officer Jeremy Haycraft and Officer Dustin Levitt went to the scene and found Plaintiff arguing with two women when they arrived.  Even though the officers discovered no evidence of a knife, they arrested Plaintiff on charges of aggravated assault.  He was held for 72 hours at Jasper County Jail.  Plaintiff claims he was the victim of malicious prosecution by Complainant Rogers and malicious prosecution and unlawful arrest and detention by Newton City / Police Department, Officer Haycraft, and Officer Levitt.

## Discussion

Based on the allegations, the Court now recognizes the following seven (7) claims[1] in this severed case:

**Count 1**: Unlawful arrest and/or detention claim against Officers Haycraft and Levitt for arresting/detaining Plaintiff without probable cause on August 17, 2020;

**Count 2**: Equal protection claim against Officers Haycraft and Levitt for their arrest and detention of Plaintiff on August 17, 2020;

**Count 3**: *Monell* claim against Newton City / Police Department for the incident that occurred on August 17, 2020;

**Count 4**: Malicious prosecution claim against Officers Haycraft and Levitt for arresting Plaintiff and charging him with aggravated assault without evidence or probable cause on August 17, 2020;

**Count 5**: Malicious prosecution claim against Complainant Deborah Rogers for reporting that Plaintiff threatened her with a knife on August 17, 2020;

**Count 6**: Intentional infliction of emotional distress claim against Defendants arising from the events that transpired on August 17, 2020;

---

[1] Counts 6 and 7 in this severed case are not the same claims as Counts 6 and 7 in the original action.

      **Count 7:**    False arrest claim against Officers Haycraft and Levitt for their arrest of Plaintiff without probable cause on August 17, 2020.

**Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under *Twombly*.**[2]

<h3 style="text-align:center">Preliminary Dismissal</h3>

Plaintiff cannot pursue relief under 42 U.S.C. § 1983 against Deborah Rogers because she is a private citizen. Section 1983 authorizes claims against persons acting under color of state law who violate a citizen's or other person's rights, privileges, or immunities under the Constitution and laws. *See* 42 U.S.C. § 1983. The "state actor" predicate to Section 1983 liability must be satisfied for this claim to proceed against Rogers. A "private citizen can act under color of state law if there is 'evidence of a concerted effort between a state actor and th[e] individual.'" *See Green v. Howser*, 942 F.3d 772, 778 (7th Cir. 2019) (quoting *Spiegel v. McClintic*, 916 F.3d 611, 616 (7th Cir. 2019)). However, the allegations do not suggest that Rogers and any state actors engaged in coordinated efforts to deprive Plaintiff of his rights. Therefore, all Section 1983 claims against Rogers are dismissed without prejudice.

<h3 style="text-align:center">Federal Constitutional Claims</h3>

<h3 style="text-align:center">Count 1</h3>

Plaintiff's claim for an unlawful arrest and detention shall receive further review. A warrantless arrest by a law enforcement officer is reasonable under the Fourth Amendment where it is supported by probable cause to believe that a criminal offense has been or is being committed. *McBride v. Grice*, 576 F.3d 703 (7th Cir. 2009) (probable cause is an absolute bar to a false arrest claim under Section 1983). Plaintiff alleges that two officers were dispatched on August 17, 2020,

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

after Deborah Rogers called to report that Plaintiff wielded a kitchen knife while arguing with her and another female. When the officers arrived on the scene, Plaintiff stood on a porch arguing with two females, but he had no knife. He was nevertheless arrested and held for 72 hours on charges of aggravated assault. Plaintiff now claims that probable cause was lacking for the warrantless arrest and detention. At this early stage, Count 1 survives screening and shall receive further review against Officers Haycraft and Levitt.[3]

### Count 2

The equal protection claim does not survive screening against any defendants. A *prima facie* case of discrimination under the equal protection clause requires a plaintiff to set forth allegations showing that he "is a member of a protected class," that he "is otherwise similarly situated to members of the unprotected class," and that he "was treated differently from members of the unprotected class." *Brown v. Budz*, 398 F.3d 904, 916 (7th Cir. 2005) (quoting *McNabola v. Chicago Transit Auth.*, 10 F.3d 501 (7th Cir. 1993) (citing *McMillian v. Svetanoff*, 878 F.2d 186, 189 (7th Cir. 1989)). Plaintiff's allegations do not address any of these elements. He merely lists an equal protection claim as one of several claims against Defendants. Plaintiff makes no assertion that he is a member of a protected class, situated similarly to members of the unprotected class, or treated differently from the unprotected class. Count 2 shall be dismissed without prejudice.

---

[3] This claim does not appear to be barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), but Defendants are free to raise this affirmative defense if they disagree. In *Heck*, the United States Supreme Court held "to recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." "A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983." *Id*. However, an illegal search or arrest may be followed by a valid conviction, so a conviction generally need not be set aside before a plaintiff can bring a Section 1983 claim under the Fourth Amendment. *Gonzalez v. Entress*, 133 F.3d 551, 553 (7th Cir. 1998).

### Count 3

The *Monell* claim does not survive screening against Newton City / Police Department. To obtain relief against a municipality, a plaintiff must allege that a constitutional deprivation resulted from an official policy, custom, or practice of the municipality. *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 69-91 (1978); *Thomas v. Cook Cnty. Sheriff's Dept.*, 604 F.3d 293, 303 (7th Cir. 2009). Although Plaintiff names Newton City / Police Department as a defendant, he describes no policy, custom, or practice that caused a violation of his constitutional rights. Given this, Count 3 fails to state a claim upon which relief may be granted and shall be dismissed without prejudice against Newton City / Police Department.

### State Law Claims

The Illinois state law claims for malicious prosecution (Counts 4 and 5), intentional infliction of emotional distress (Count 6), and false imprisonment (Count 7) shall also be dismissed. This Court has supplemental jurisdiction over these claims because they arise from the same facts as the federal claims. *See* 28 U.S.C. § 1367(a). The Court will therefore consider the merits of Count 4 against Officers Haycraft and Levitt, Count 5 against Complainant Deborah Rogers, Count 6 against all defendants, and Count 7 against Officers Haycraft and Levitt.

### Counts 4 and 5

A plaintiff bringing a claim for malicious prosecution (Counts 4 and 5) under Illinois law must establish the following: (1) the defendant commenced or continued an original criminal or civil proceeding; (2) the proceeding terminated in the plaintiff's favor; (3) the defendant instituted the proceeding without probable cause; (4) the defendant acted maliciously in initiating or continuing the proceeding; and (5) the plaintiff was injured. *Washington v. Summerville*, 127 F.3d 552, 557 (7th Cir. 1997) (citations omitted). All of the elements must be present to proceed with this claim. *Id*.

The plaintiff has not established the second or fourth elements of the malicious prosecution claims because he has not asserted or established that any proceeding was begun by the defendants, as a result of malice, or terminated in his favor.  The Complaint does not describe the disposition of his criminal case, and a plaintiff cannot predicate his claim on underlying criminal proceedings that terminated "in a manner not indicative of the innocence of the accused."  *Id*.  Moreover, malice requires the plaintiff to prove that prosecution was initiated for some other reason than to bring the plaintiff to justice.  *Barnes*, 943 F.3d at 833 (citing *Holland v. City of Chicago*, 643 F.3d 248, 255 (7th Cir. 2011)).  Beyond stating that he was maliciously prosecuted, Plaintiff offers no factual support for this claim.  These unsupported recitations of the elements without actual evidence state no claim for malicious prosecution against the defendants.  Counts 4 and 5 shall be dismissed without prejudice.

### Count 6

Under Illinois law, a plaintiff claiming intentional infliction of emotional distress must demonstrate that (1) the defendants engaged in extreme and outrageous conduct; (2) the defendants either intended to inflict severe emotional distress or knew there was a high probability that their conduct would cause severe emotional distress; and (3) the defendants' conduct in fact caused severe emotional distress.  *McGreal v. Village Orland Park*, 850 F.3d 308 (7th Cir. 2017).  Beyond listing a claim for intentional infliction of emotional distress, Plaintiff does not address the elements of this claim against the defendants.  He impermissibly relies on a bald assertion of emotional distress to support his claim.  *Ashcroft v. Iqbal*, 556 U.S.C. 662, 678 (2009); FED. R. CIV. P. 8.  Count 6 against Defendants shall be dismissed without prejudice for failure to state a claim.

**Count 7**

A claim of false arrest requires a plaintiff to show that he was arrested by the defendants, and the defendants acted without having reasonable grounds to believe that the plaintiff committed an offense. *McBride*, 576 F.3d at 706 (citing *Ross v. Mauro Chevrolet*, 369 Ill. App. 3d 794, 861 N.E.2d 313, 317 (2006)). For purposes of this claim, "reasonable grounds" and "probable cause" are synonymous. *McBride*, 576 F.3d at 706 (quoting *People v. Tyler*, 128 Ill. App. 3d 1080, 471 N.E.2d 968, 974 (1984)). The allegations articulate a plausible claim for false arrest against Officers Haycraft and Levitt, so Count 7 shall proceed against them.

**<u>Disposition</u>**

**IT IS ORDERED** that **COUNTS 1, 2,** and **7** against Defendants **JEREMY HAYCRAFT** and **DUSTIN LEVITT** will receive further review. However, **ALL OTHER CLAIMS** and **DEFENDANTS** are **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted. The Clerk's Office is **DIRECTED** to **TERMINATE NEWTON CITY / POLICE DEPARTMENT** and **DEBORAH ROGERS** as defendants in CM/ECF.

With respect to **COUNTS 1, 2,** and **7**, the Clerk is **DIRECTED** to prepare for Defendants **JEREMY HAYCRAFT** and **DUSTIN LEVITT**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk should mail these forms, a copy of the Memorandum and Severance Order (Doc. 1), and a copy of the Complaint (Doc. 2) to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with that defendant's current work address, or, if not known, his or her last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).  **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order.**

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED**.

**DATED: 10/26/2022**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**

**Notice to Plaintiff**

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint.  After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint.  It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more.  When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures.  Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions.  Motions filed before defendants' counsel has filed an appearance will generally be denied as premature.  **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**